UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETE REO HART,<br><br>          Plaintiff,<br><br>     v.<br><br>J. BICK, et al.,<br><br>          Defendants. | No. 2:14-cv-100-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a).  For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

/////

1

Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Hart v. Trust Account Office*, 2:05-cv-1668-FCD-DAD P (dismissed July 14, 2006 as "duplicative" and frivolous);[1] (2) *Hart v. Bigney*, 2:05-cv-2063 (dismissed July 17, 2006 as frivolous and for failure to state a claim); and (3) *Hart v. CMF*, 2:06-cv-0470-LKK-KJM P (dismissed January 26, 2007 as frivolous); *see also Hart v. CMF*, 2:13-cv-1963-MCE-EFB P (Nov. 6, 2013 order designating plaintiff a three strikes litigant).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). In the complaint, plaintiff alleges that Dr. Bick is "blocking" his appeal in order to "protect" other doctors and that Dr. Sakula "does nothing but arrange[ ] a lab test for HIV." ECF No. 1. He seeks $999,000,000 in damages. *Id.* He also alleges that he contracted H.I.V. when he was fifteen years old, when a policeman "injected" him with cocaine. He claims that this caused him to suffer from anal cancer at age sixteen, and that he will sue those responsible at a later time. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

/////

---

[1] The July 14, 2006 dismissal did not expressly dismiss the action as frivolous. It is apparent from the underlying findings and recommendations, however, which were adopted in full by the order of dismissal, that the action was frivolous. The findings and recommendations noted that plaintiff's complaint was duplicative of "several cases" plaintiff had previously filed. *See Hart v. Trust Account Office*, 2:05-cv-1668-FCD-DAD P (June 13, 2006 findings and recommendations). The court noted that in one of the prior and duplicative actions, plaintiff had been granted several opportunities to amend. *Id.* The court found that plaintiff's allegations were also duplicative of those in a prior action that had already been dismissed as duplicative of five other actions plaintiff had filed. *Id.*; *see Saunders v. Saunders*, No. CV-05-0699-TUC-RCC, 2013 U.S. Dist. LEXIS 111424, at *10 (E.D. Cal. Aug. 7, 2013) ("dismissal constitutes a strike because the duplicative action was frivolous—it stated the same claims as another action Plaintiff had already filed and was pending before a magistrate judge").

1     Because plaintiff has not paid the filing fee and is not eligible to proceed in forma
2  pauperis, this action must be dismissed.
3     Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request for leave to
4  proceed in forma pauperis be denied and this action be dismissed without prejudice to re-filing
5  upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1914 (District Court
6  Miscellaneous Fee Schedule, No. 14), 1915(g).
7     These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9  after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
12 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
13 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
14 Dated:   January 29, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE